MILLER *v.* STATE

5172                                                    401 S. W. 2d 15

Opinion delivered April 4, 1966

*Paul K. Roberts,* for appellant.

*Bruce Bennett,* Attorney General; *Fletcher Jackson,* Asst. Atty. General, for appellee.

JIM JOHNSON, Justice. This appeal is from a grand larceny conviction. Appellant Carl Miller was arrested and jailed on April 28, 1965, for allegedly stealing two chain saws. Information was filed in Bradley Circuit Court on April 30, 1965, charging appellant with the crime of grand larceny. Trial before a jury on September 15, 1965, resulted in a verdict of guilty and a four year sentence to the state penitentiary.

For reversal appellant first urges that the trial court erred in allowing the prosecuting attorney while addressing the jury in final argument to call to the attention of the jury the fact that appellant did not testify.

The prosecuting attorney in his summation to the jury made the following remarks:

"The defendant is charged with the crime of taking, stealing, and carrying away two power saws, the property of Bruce Garner, on or about the 28th day of April, 1965, said power saws having a value in excess of $35.00. The defendant has chosen not to take the stand and that is his privilege, therefore . . . . "

At this point appellant entered an objection, and the trial court stated: "I told the jury that that was his right, to testify or not to testify, and I don't think he said anything, Mr. Roberts, prejudicial to this point." Then the prosecuting attorney continued and said:

"He has chosen not to take the stand, therefore your consideration is to judge the evidence that has been presented to you and decide if the State has proved beyond a reasonable doubt from the evidence you heard that this man, Carl Miller, is guilty of the crime he is charged with."

The Attorney General concedes, and we agree, that the above quoted remarks constitute reversible error. In *Miller* v. *State,* 239 Ark. 836, 394 S. W. 2d 601, decided subsequent to the trial of the case at bar, there appears the following statement:

> "The defendants did not testify in this case. Over their objections and exceptions, the court instructed the jury that it was the privilege of the defendants to testify in their own behalf or to decline to so testify. In his argument to the jury, the prosecuting attorney specifically called this instruction to the attention of the jury, repeated it, and said: 'You are instructed this is a privilege to them to either testify or not to testify. That is what the court says in that instruction.' Obviously, by arguing this instruction to the jury in that manner, attention has been called to the fact that defendants had not taken the stand in their own behalf. This was error."

On the point in question we are unable to distinguish this case from the *Miller* case. See also *Griffin* v. *Calif.,* 380 U. S. 609, 14 L. ed 2d 106, 85 S. Ct. 1229.

Appellant's second point urged for reversal relates to admission into evidence of a purported confession. Having determined the case must be reversed on the point above discussed, we think it is proper in view of a new trial to also state that, under the record now before us, the trial court was in error in admitting into evidence appellant's alleged confession.

Reversed and remanded.